J. B. MOON v. THE BOARD OF COMMISSIONERS OF
BUTLER COUNTY.

1. FUGITIVE FROM JUSTICE, *Expenses of Agent to Receive.* Where the governor of the state demands a fugitive from justice—who is charged with having committed the crime of embezzlement in this state—from the executive of another state, upon the application and certificate of the county attorney of the county in which the offense was committed, and issues his warrant under the seal of the state directed to the agent recommended by the county attorney, commanding him to receive the fugitive and convey him to the sheriff of the county in which the offense was committed, such agent is entitled to recover the expenses which may accrue in his attempting, in good faith, to execute the warrant, although he does not find, and as a consequence does not receive the fugitive in the state to which he is directed, and therefore does not convey such fugitive to the sheriff of the county in which the offense was committed.

2. SECOND REQUISITION; *Expenses to be Paid by County.* When the county attorney of a county in which the offense of embezzlement has been committed has made to the governor his application and certificate as required by law for the apprehension of the person charged with the offense as a fugitive from justice, and the governor thereon demands such fugitive from the executive of another state, and the agent is unsuccessful in finding or receiving the fugitive in such state, and thereafter receives information that the fugitive is in another and different state and presents evidence to the governor of this fact, and the governor, being satisfied, issues upon such original application and certificate a second requisition and warrant, and thereafter the agent is successful in receiving the fugitive and conveying him to the sheriff of the county in which the offense was committed, the expenses which accrue in executing the second requisition and warrant are recoverable from the county where the offense was committed.

*Error from Butler District Court.*

AT the May Term, 1883, of the district court, the defendant *Board of Commissioners* recovered a judgment against plaintiff *Moon,* who brings the case here. The facts appear in the opinion.

*T. N. Sedgwick, J. Jay Buck, C. N. Sterry,* and *A. L. L. Hamilton,* for plaintiff in error.

*George Gardner,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: The facts in this case are substantially these: One Hughes, having committed embezzlement in Butler county, in this state, became a fugitive from justice, first going to Texas, and then to Arkansas. An affidavit was made and filed before a justice, charging Hughes with the commission of said offense, and alleging that he had fled from the county of Butler and state of Kansas. The county attorney of Butler county certified to the governor, upon the affidavit, that he had examined into the case, and was satisfied that the crime therein alleged had been committed, and that Hughes was the guilty person; and also recommended the plaintiff as a proper person to be commissioned to receive and return the fugitive. In accordance with this recommendation, the governor, on the 9th day of October, 1879, appointed the plaintiff to receive from the officer of Texas the said fugitive from justice, and issued a requisition for said fugitive, upon the governor of that state. At the time there was filed with the governor all the necessary papers in duplicate, including the certificate of the county attorney. The plaintiff thereafter went to Texas, searched for Hughes, and being satisfied that he had left the state, returned to Kansas. He afterward learned that Hughes was in Arkansas, and thereupon presented evidence to the governor of this fact; and the governor being satisfied, on the 9th day of December, 1879, appointed the plaintiff as agent of the state to receive the fugitive from the officer of Arkansas, and issued a requisition upon the governor of that state. With these papers the plaintiff went to Arkansas, received the fugitive, and conveyed him to the sheriff of Butler county. The plaintiff presented to the board of county commissioners an itemized statement of the expenses which had accrued in the capture and return of Hughes, duly verified, which the board refused to pay. The plaintiff then instituted this suit. Upon the trial of the case, the district court refused to allow the plaintiff to introduce any evidence, upon the ground

that the petition did not state facts sufficient to constitute a cause of action. This ruling is complained of.

A determination of the matter before us requires a construction of §§ 314, 315, ch. 82, Compiled Laws of 1879, which are in these words:

"SEC. 314. Before the governor of this state shall demand any fugitive from justice from the executive of any other state or territory, the county attorney of the county where the crime is alleged to have been committed shall examine into the case, and if satisfied that a crime has been committed, and that the person charged is the guilty person, he shall so certify to the governor upon the affidavit, information or indictment presented, and ask a requisition to be made in accordance therewith; and the governor may issue his warrant, under the seal of the state, directed to the agent or messenger recommended by the said county attorney, commanding him to receive such fugitive and convey him to the sheriff of the county in which the offense was committed or is by law cognizable.

"SEC. 315. The expenses which may accrue under the preceding section shall be paid by the county where the offense was committed, except in capital cases which in the opinion of the governor demand prompt and immediate action; and when a delay in procuring the necessary papers from the county attorney, as heretofore provided, would operate to prevent the apprehension of the criminal, then, and in such cases, the expenses shall be paid by the state."

It is contended on the part of the defendant, that as the plaintiff did not find, and as a consequence did not receive the fugitive in Texas, although he expended his time and money as agent or messenger in going to Texas and returning therefrom, he is not entitled to anything for that trip. It is further contended, on the part of the defendant, that when the governor had issued his first warrant, the application and certificate presented to him and filed with him had spent their force and could not be used by the governor for the issuance of any other requisition; and therefore, that as the plaintiff was directed as agent or messenger to receive the fugitive in Arkansas, and although he acted thereunder, and

did receive such fugitive in that state, and did convey him to the sheriff of Butler county, where the offense was committed, he is not entitled to anything for that trip. With these views the trial court seems to have concurred.

In our opinion, the sections of the statute quoted are not subject to the interpretation thus given. If the ruling of the district court be correct concerning the expenses which accrued for the trip to Texas, then if the fugitive was actually in the possession of the officers of Texas when the demand was made therefor, and died before he was received by the agent, no expenses could be recovered by such agent; or if the fugitive was actually in the possession of the officers of Texas when the demand was made, yet if he escaped from such officers before the agent could receive him, likewise, under such ruling, no expenses could be recovered. This certainly would be a very harsh rule to apply, and in our opinion an unreasonable one. Where the governor issues his warrant and directs an agent or messenger to receive the fugitive in another state, and such agent, in good faith, goes to that state and makes a diligent search, and in all respects acts in a proper manner to secure the fugitive, he is entitled to receive his expenses, although unsuccessful in receiving the fugitive. If the fugitive be not found in the state to which the agent is first sent, the governor has the power to issue a requisition for the fugitive, upon the governor of any other state, and to direct the agent to receive the fugitive in that state, without an additional affidavit or certificate being filed before him; and if the agent is successful under such second direction, in receiving the fugitive and returning him to the sheriff of the county in which the offense was committed, he is clearly entitled to his expenses therefor; and the expenses which so accrue are to be paid by the county where the offense was committed.

Section 315 provides, in substance, that the expenses of an agent, under the provisions of § 314, are to be paid by the county where the offense was committed, except in capital cases only, which in the opinion of the governor demand prompt and immediate action, and when a delay in procuring

the necessary papers from the county attorney in such capital cases would operate to prevent the apprehension of the criminal. In such cases the expenses shall be paid by the state.

The crime of embezzlement is not a capital case, and the expenses of the agent are to be paid by Butler county, and not by the state.

The ruling and judgment of the district court must be reversed, and the cause remanded for further proceedings in accordance with the views herein expressed.

All the Justices concurring.