THE BOARD OF COMMISSIONERS OF FRANKLIN COUNTY
v. J. N. BELL.

SHERIFF—*Compensation.* A sheriff who was duly appointed as agent of the state, upon a requisition issued by the governor upon the chief executive of Washington territory for the reclamation of a fugitive from justice from this state, who went to said territory and received said fugitive, and returned him to the county in which the crime was committed, is entitled to recover for such services the fees and expenses allowed by ¶ 3006, General Statutes of 1889, being "10 cents per mile and transportation and board for prisoner, under requisition when made by the governor, as provided by § 314, chapter 82, General Statutes of 1868" (now ¶ 5376, Gen. Stat. of 1889).

*Error from Franklin District Court.*

THE material facts are stated in the opinion.

*F. A. Waddle,* county attorney, for plaintiff in error; *C. A. Smart,* of counsel.

*Wm. H. Clark,* for defendant in error.

Opinion by SIMPSON, C.: The question to be decided in this case is most admirably submitted on the following agreed statement of facts, settled and signed by the trial judge, and attested by the clerk:

"1. The plaintiff is, and at all times hereinafter referred to was, the sheriff of Franklin county, Kansas.

"2. On the 9th day of March, 1888, a complaint was filed in the office of J. K. Goodin, justice of the peace of Ottawa city, by the county attorney, charging one H. V. Scott with the crime of forgery. A warrant was duly issued thereon and placed in the hands of the plaintiff for service. H. V. Scott had at that time fled from the state of Kansas, and was at Walla Walla, W. T. Thereupon the county attorney of Franklin county applied to the governor of Kansas for a requisition upon the governor of Washington territory, for the apprehension of said H. V. Scott, and in said application the said county attorney nominated the plaintiff, J. N. Bell, as a proper person to be appointed and commissioned as the agent of the state of Kansas to receive said Scott when he should be apprehended. Thereupon a requisition was duly issued by the governor of Kansas upon the governor of Washington territory, and the plaintiff was appointed in said requisition to receive said Scott and return him to Franklin county, Kansas, all of which he did in due time, and in so doing necessarily traveled 4,700 miles.

"3. On October 1, 1888, the plaintiff presented his claim in due form to the defendant board for $585.40, being for executing writ, jail fees, railroad fare for prisoner, and board for prisoner, and mileage, in the case of The State of Kansas v. H. V. Scott, of which claim defendant allowed $370 and disallowed balance, to wit, $215.40, a part of claim for mileage. The amount thus allowed covers railroad fare for prisoner and board for same, and all expenses of plaintiff. Thereupon plaintiff accepted the $370, but duly appealed to the district court from the order of the defendant board disallowing the $215.40 balance, as claimed, for mileage.

"4. Upon the foregoing admitted facts, the court then and

there rendered judgment for the plaintiff for $215.40 and costs, to which finding and judgment the defendant then and there excepted.

"5. In due time, and on, to wit, the same day, the defendant filed a motion for a new trial, for the reason that the verdict is contrary to law, and is not sustained by the evidence; which motion was by the court overruled, to which ruling the defendant then and there duly excepted, and for good cause shown was given 60 days to make a case for supreme court.

"The only question in this case is, was the plaintiff, acting in the capacity in which he was, entitled to 10 cents per mile each way for miles traveled outside of Kansas? If he was, then the judgment is correct, and should be affirmed; if he was not, then the judgment is erroneous, and should be reversed."

The judgment must be affirmed. Sections 314 and 315 of the code of criminal procedure are as follows:

"Sec. 314. Before the governor of this state shall demand any fugitive from justice from the executive of any other state or territory, the county attorney of the county where the crime is alleged to have been committed shall examine into the case, and if satisfied that a crime has been committed, and that the person charged is the guilty person, he shall so certify to the governor upon the affidavit, information or indictment presented, and ask a requisition to be made in accordance therewith; and the governor may issue his warrant, under the seal of the state, directed to the agent or messenger recommended by the said county attorney, commanding him to receive such fugitive and convey him to the sheriff of the county in which the offense was committed or is by law cognizable.

"Sec. 315. The expenses which may accrue under the preceding section shall be paid by the county where the offense was committed, except in capital cases which, in the opinion of the governor, demand prompt and immediate action; and when a delay in procuring the necessary papers from the county attorney, as heretofore provided, would operate to prevent the apprehension of the criminal, then, and in such cases, the expenses shall be paid by the state."

Section 4 of the fees-and-salaries act provides, among other fees allowed the sheriff, "10 cents per mile and transportation and board for prisoner, under requisition when made by

the governor, as provided by § 314, chapter 82, General Stat-
utes of 1868" (now ¶ 5376, Gen. Stat. of 1889). These three
sections construed together fix the liability of the county.
(*Moon v. Comm'rs of Butler Co.*, 30 Kas. 458.) In the latter
case Moon was agent; but in this case Bell is the sheriff, and
his fees are determined by a clause in ¶ 3006, General Statutes
of 1889, or §·4 of the fees-and-salaries act. The law sends
him out of the state as sheriff, and gives him fees for the spe-
cial service for which he is sent out of the state, and because
he is not allowed in ordinary cases to perform services outside
of the state does not authorize us to disregard the positive
terms of the statute in regard to this particular matter.

Counsel for plaintiff in error seem to rest under the im-
pression that some, if not all, of these three sections were
repealed by chapter 109, Laws of 1886, but this is a mistake·
Before the passage of the act of 1886, the law then in force,
being § 5, ch. 44, Gen. Stat. of 1868, made the state liable for
all the expenses caused by the arrest of a fugitive from jus-
tice from another state in this state, on a requisition issued
by the chief executive of another state. By the amendment
of 1886, the agent of the executive authority making the de-
mand must pay all the costs of the arrest and confinement of
the fugitive in this state before the fugitive shall be delivered
up. The object of the law of 1886 was to relieve the state
from liability for the costs and expenses of the arrest in this
state of fugitives from other states. This act, by express
terms, repeals § 5, ch. 44, Gen. Stat. of 1868, an act relat-
ing to fugives from justice, and all acts or parts of acts that
make the state liable for the costs and expenses of the ar-
rest of fugitives from other states whose return is demanded,
and does not repeal, nor attempt to nor intend to repeal, the
three sections above enumerated.

We recommend that the judgment be affirmed.

By the Court: It is so ordered.

All the Justices concurring.